■ LAURENCE F. McDONALD, SR., as Guardian ad Litem of LAURENCE F. McDONALD, JR., an Infant, et al., Respondents, v. NATIONAL GRANGE MUTUAL INSURANCE COMPANY, Appellant.— Appeal from an order of the Supreme Court at Special Term, entered January 12, 1972 in Saratoga County, which denied a motion by the defendant for summary judgment dismissing the complaint. In 1959, while the infant respondent was operating a boat owned by Mr. and Mrs. Frank Russell, one William Deuel was injured. Deuel brought an action against the Russells and respondents. The Russells were insured by appellant, and when appellant refused respondents' demand that appellant defend them as well, the present action was instituted seeking a declaration that the respondent Laurence F. McDonald, Jr., was a named insured, and such other and further relief as might be appropriate. Prior to the present motion respondents' defense in the personal injury actions was undertaken by their own insurer, the Lumbermens Mutual Insurance Company, under their own policy. After trial, judgments of no cause of action in the Deuel actions were entered and affirmed on appeal. The denial of the motion to dismiss the complaint was clearly erroneous. Although a factual issue might have been raised as to whether the infant was a named insured under the policy issued by appellant, resolution of that issue in respondents' favor would entitle them to no relief. The alleged breach by appellant of its insurance contract caused no monetary or other damage to respondents. Respondents' attorney avers in an affidavit that Lumbermens incurred legal expenses amounting to $2,800 which would not have been incurred had appellant defended the action. No part of such expense, however, is alleged to have been incurred by respondents personally, wherefore they have no right to recover such expense. Nor are they entitled to the declaratory relief sought, for such a declaration would be academic as applied to a controversy which no longer exists. Order reversed, on the law, and complaint dismissed, with costs. Herlihy, P. J., Greenblott, Cooke, Kane and Main, JJ., concur.