SCHWARTZ, Chief Judge.
Caballero sustained property damage to his vehicle which was covered by two insurance policies, issued respectively by Hanover and the appellee Metropolitan. Hanover paid Caballero the full amount of his loss and Metropolitan then directly reimbursed Hanover the pro rata share for *297 which it was responsible under its policy.[1] On these undisputed facts, the trial judge correctly entered summary judgment for Metropolitan in Caballero’s action against it to recover again for his already satisfied claim. See State Fire & Casualty Co. v. National Indemnity Co., 225 So.2d 570 (Fla. 3d DCA 1969) (uninsured motorist carriers may make pro-ration inter se); see also Fidelity & Casualty Co. of New York v. Chacon, 408 So.2d 812 (Fla. 3d DCA 1982); Foremost Ins. Co. v. Medders, 399 So.2d 128 (Fla. 5th DCA 1981); 44 Am. Jur.2d Insurance § 1781 (1982) (“As a general rule, the recovery by an owner, where several insurance policies exist on the same property and amount in the aggregate to more than its value, is restricted to the actual loss, since the contract is one of indemnity only[.]”).
Affirmed.

. OTHER INSURANCE: If other insurance also covers the loss we will pay our fair share. Our share is the proportion our limit bears to the total of all applicable limits.