Merrimack
No. 95-659

CONCORD HOSPITAL

v.

NEW HAMPSHIRE MEDICAL MALPRACTICE JOINT UNDERWRITING ASSOCIATION

June 5, 1997

*Upton, Sanders & Smith*, of Concord (*Russell F. Hilliard* and *David P. Slawsky* on the brief, and *Mr. Hilliard* orally), for the plaintiff.

*Morrison, Mahoney & Miller*, of Boston, Massachusetts (*Michael F. Aylward* on the brief and orally), for the defendant.

THAYER, J. The defendant, New Hampshire Medical Malpractice Joint Underwriting Association (JUA), appeals the Superior Court's (*Smukler*, J.) order requiring JUA to pay the plaintiff, Concord Hospital (hospital), half of the defense costs and settlement amounts associated with certain medical malpractice claims commenced against the hospital. Because we reverse this order, we need not address the hospital's cross-appeal.

The superior court found the following facts. JUA, one of the hospital's liability insurance carriers, declined to defend and indemnify the hospital in three medical malpractice actions. Consequently, the hospital received coverage from its second liability insurance carrier, Conn Med Mutual (Conn Med). Conn Med defended the actions and indemnified the hospital for certain settlements. The hospital incurred a total of $50,000 in deductibles for two of the lawsuits pursuant to its policy with Conn Med.

The hospital then sought a declaratory judgment establishing that the hospital's policy with JUA covered the defense of these lawsuits. Although the superior court determined that the liability policies did not cover the expenses associated with defending the lawsuits, the hospital appealed to this court, and we reversed. *Concord Hosp. v. N.H. Medical Malpractice Joint Underwriting Assoc.*, 137 N.H. 680, 687, 633 A.2d 1384, 1388 (1993). Consequently, JUA reimbursed the hospital $50,000 for the deductibles the hospital had paid.

Thereafter, the hospital sought to recover from JUA the full amount of litigation expenses, attorney's fees, and settlement amounts incurred in association with the malpractice claims. The hospital joined Conn Med as a party plaintiff, but the superior court concluded that Conn Med did not assert any subrogation rights against JUA. The superior court determined that JUA was contractually obligated to the hospital for one half of the defense costs and settlement amounts, and subsequently entered judgment for the hospital for $375,761.42 in addition to interest, fees, and costs.

On appeal, JUA asserts that the trial court erred in awarding the hospital the defense costs and settlement amounts because: (1) the

hospital suffered no damages as a consequence of JUA's refusal to defend; (2) the hospital does not have standing to sue JUA as any claim of the hospital vested in Conn Med pursuant to the subrogation clause in the Conn Med policy; and (3) it would be fundamentally unfair to allow the hospital to recover amounts other than the deductibles, as only the deductibles were sought by the hospital in the hospital's original declaratory judgment action.

This case essentially involves a hospital insured by two carriers, each of which owed the hospital a duty of defense and indemnity. One carrier, JUA, breached this obligation, while the other carrier, Conn Med, fulfilled its contractual obligation. The hospital is now attempting to collect the defense costs and the settlement amounts for the claims against the hospital incurred by Conn Med.

██ ██ The purpose of awarding compensatory damages in breach of contract actions, including insurance contracts, is to place the plaintiff in the position the plaintiff would have occupied absent a breach. *A.B.C. Builders v. American Mut. Ins. Co.*, 139 N.H. 745, 751, 661 A.2d 1187, 1191-92 (1995). When an insurer breaches its duty to defend, the insurer must reimburse the insured for the costs incurred by the insured in defending the claim. *Id.*, 661 A.2d at 1192. Likewise, when an insurer breaches its duty to indemnify, the insurer generally must reimburse the insured for the amount the insured paid to the claimant, subject to the insurance policy's provisions. *See* A. WINDT, INSURANCE CLAIMS & DISPUTES § 6.39, at 481 (3d ed. 1995). The party seeking damages in a contract action has the burden of proving the extent and amount of damages sustained as a result of the breach. *See Bailey v. Sommovigo*, 137 N.H. 526, 531, 631 A.2d 913, 917 (1993); *see also Caldwell v. Allstate Ins. Co.*, 453 So. 2d 1187, 1191 (Fla. Dist. Ct. App. 1984).

██ Though the defendant breached its duty to the plaintiff in the malpractice claims, Conn Med fulfilled its contractual obligation to the plaintiff and defended and settled the actions on behalf of the plaintiff. Additionally, the defendant has reimbursed the plaintiff for its out-of-pocket expenses — the $50,000 in deductibles — which were not covered by Conn Med. Accordingly, the plaintiff has not suffered any damages as a result of the defendant's breach. *Accord American Surety Co. v. State Farm Mut. Auto. Ins. Co.*, 142 N.W.2d 304, 306 (Minn. 1966); *McDonald v. National Grange Mut. Ins. Co.*, 342 N.Y.S.2d 478, 479 (App. Div. 1973); *Sloan Const. v. Central Nat. Ins. Co. of Omaha*, 236 S.E.2d 818, 820 (S.C. 1977); *see also* WINDT, *supra* § 4.10, at 190-91. We note that the plaintiff has not made a claim for consequential damages as a result of the defendant's

breach. In situations where more than one insurance company protects an insured against a particular risk, the insured can only collect up to the amount of loss actually sustained. *See Courtemanche v. Lumbermens Mut. Cas. Co.*, 118 N.H. 168, 173, 385 A.2d 105, 108 (1978) (permitting stacking of policies up to total damages); *Caballero v. Metropolitan Property & Liab. Ins. Co.*, 476 So. 2d 296, 297 (Fla. Dist. Ct. App. 1985); *see also Bowen v. Casualty Co.*, 99 N.H. 107, 116, 107 A.2d 379, 386 (1954) (reducing amount of insurance company's liability by amount paid by another insurance company). Allowing an insured to recover the defense costs and settlement amounts when another insurance company has already absorbed all of these amounts would give the insured a windfall. Moreover, although not a concern in this case, this could also result in the insurance company paying twice: once to the insured for a breach of contract claim and then again to the insurance company that supplied the defense and settled the claim. Accordingly, we hold that the plaintiff cannot recover damages it has not sustained. Our decision today should not be interpreted as rewarding an insurance company for breaching its contract with its insured; instead our paramount concern in this case is ensuring full coverage to an insured while at the same time avoiding windfalls to the insured.

Although unclear, we discern from the plaintiff's brief that it is asserting that the defendant has somehow waived its right to contest the plaintiff's lack of damages because the defendant failed either to bring a separate declaratory judgment action against Conn Med or to file a set-off, counterclaim, or recoupment action. In the context of this case, we find this argument to be without merit, warranting no further discussion. *See Vogel v. Vogel*, 137 N.H. 321, 322, 627 A.2d 595, 596 (1993).

*Reversed.*

All concurred.