**Affirmed and Opinion filed July 28, 2016.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-14-00865-CV
_____

**CORESLAB STRUCTURES (TEXAS), INC., Appellant**

**V.**

**SCOTTSDALE INSURANCE COMPANY, Appellee**

**On Appeal from the 55th District Court
Harris County, Texas
Trial Court Cause No. 2010-55665A**

## O P I N I O N

This appeal arises from a summary judgment dismissing claims for breach of contract, bad faith under Chapter 541 of the Insurance Code, and violations of the Prompt Payment of Claims Act, brought by an alleged additional insured against the insurer under a commercial general liability policy. On appeal, the main issue is whether the trial court erred in concluding as a matter of law that the plaintiff was not entitled to recover damages based on attorney's fees and expenses the plaintiff incurred in the underlying suits. We conclude that the trial court did not err in

granting summary judgment on this ground and that the plaintiff did not challenge all of the independent summary-judgment grounds asserted against the Prompt Payment of Claims Act claim. Because Coreslab has not shown that the trial court erred in granting summary judgment, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Memorial Hermann Tower, at Interstate 10 and Gessner in Houston, sustained water damage during two separate rain events, spawning two lawsuits in the trial court involving claims for damages in excess of $38 million (hereinafter collectively the "Underlying Lawsuits"). Memorial Hermann Hospital System asserted claims against various parties, including appellant/plaintiff Coreslab Structures (Texas), Inc. and its subcontractor CN Construction, Inc. The trial court consolidated the Underlying Lawsuits.

### Scottsdale's Denial of Demand for Defense as an Additional Insured

Coreslab tendered the defense of the Underlying Lawsuits to CN Construction and demanded a defense as an additional insured under CN Construction's insurance policy, asking CN Construction to tender the demand to the insurer under the applicable policy. Appellee/defendant Scottsdale Insurance Company, the insurer under the applicable Commercial General Liability policy issued to CN Construction, responded to Coreslab, notifying Coreslab that Scottsdale had determined there was no additional-insured coverage available to Coreslab.

### Other Insurer's Payment of Insured's Defense Costs

After Scottsdale refused to pay Coreslab's defense costs in the Underlying Lawsuits, Lexington Insurance Company, the insurer under one of Coreslab's insurance policies, paid $825,642.32 to Coreslab's defense counsel for attorney's

fees and expenses in Coreslab's defense in the Underlying Lawsuits. Lexington is not a party in this lawsuit.

## Insured's Suit Against Scottsdale for Coverage as Additional Insured and Defense in the Underlying Suits

Coreslab filed a third-party petition in the Underlying Lawsuits against Scottsdale alleging that the Scottsdale policy provided coverage for Coreslab as an additional insured. Scottsdale asserted that the policy provided no coverage to Coreslab. In its third-party petition, Coreslab sought a declaratory judgment that Scottsdale had a duty to pay Coreslab's defense costs in the Underlying Lawsuits. Coreslab asserted (1) a breach-of-contract claim against Scottsdale for failing to pay, (2) statutory bad-faith claims under Chapter 541 of the Insurance Code, and (3) a claim for violations of the Prompt Payment of Claims Act under Chapter 542 of the Insurance Code.

## Partial Summary Judgment in Favor of Insured on Duty to Defend

The main claims in the Underlying Lawsuits settled, and the trial court severed Coreslab's claims into a separate lawsuit containing only the claims between Coreslab and Scottsdale. The trial court granted partial summary judgment in favor of Coreslab, ruling that Scottsdale had a duty to defend Coreslab in the Underlying Lawsuits. Coreslab agrees that, after the trial court's ruling, Scottsdale paid a total of at least $409,509.53 toward Coreslab's defense costs in the Underlying Lawsuits.

## Insured's Claimed Defense Costs

In its lawsuit against Scottsdale, Coreslab sought to recover attorney's fees and expenses that Coreslab incurred for the defense of the Underlying Lawsuits. Coreslab's defense counsel billed Coreslab for these fees and expenses. There is no

3

evidence that Coreslab paid any of these fees or expenses.  Coreslab also sought to recover eighteen-percent interest as damages under Insurance Code section 542.060, attorney's fees for bringing its claims against Scottsdale, and prejudgment interest.

**Scottsdale's Motion for Summary Judgment**

Scottsdale filed a traditional summary-judgment motion asserting the following grounds:

(1) As a matter of law, Coreslab is not entitled to recover any damages in connection with attorney's fees or costs in the Underlying Lawsuits or Coreslab's lawsuit against Scottsdale because the total amount paid by Lexington and Scottsdale exceeds the sum of Coreslab's defense costs in the Underlying Lawsuits and Coreslab's attorney's fees and costs in this suit against Scottsdale.

(2) Coreslab is not entitled to recover eighteen-percent interest as damages under Insurance Code section 542.060 for the following reasons: (a) Scottsdale always paid its share of the defense costs within sixty days of its receipt of each attorney's fees invoice; and (b) because Coreslab never paid any attorney's fees bill for the defense costs in the Underlying Lawsuits, Scottsdale owes no eighteen-percent interest as damages under Insurance Code section 542.060.

(3) Coreslab is not entitled to recover interest under Finance Code section 302.002 because (a) Coreslab is not entitled to recover against Scottsdale and (b) this statute does not apply to an award of attorney's fees against an insurer.[1]

---

[1] Scottsdale did not seek summary judgment based on the alleged applicability of any "other insurance" provisions in either the Scottsdale policy or the Lexington policy.  Therefore, any such provisions are not at issue in this appeal.

4

**Insured's Response and Cross-Motion for Summary Judgment**

Coreslab filed a response in opposition to Scottsdale's summary-judgment motion. Coreslab also asserted a cross-motion for traditional summary judgment in which Coreslab sought a partial summary judgment granting it a judgment as a matter of law on its breach-of-contract and Insurance Code section 542.060 claims.

**Trial Court's Ruling**

The trial court signed an order granting Scottsdale's summary-judgment motion and ruling that Coreslab take nothing on its claims.[2]

## II.    ISSUES PRESENTED

In its appellate brief, Coreslab presents the following two issues:

1. Whether the trial court erred in holding that Coreslab was only entitled to a partial defense from Scottsdale since it is well established under Texas law that (a) an insurer has the duty to provide a full defense to its insured, not merely a *pro rata* defense, and (b) where the Texas Supreme Court has reiterated that an insured, such as Coreslab, is in the best position to identify the policy or policies that would maximize coverage, and (c) where it is uncontroverted that Coreslab made it clear to Scottsdale that Coreslab chose Scottsdale to provide it a full defense in order to avoid a negative impact on its loss history in the face of lawsuits which sought in excess of $38,000,000?

2. Whether the trial court erred by failing to award [Coreslab] the attorney's fees and expenses, which Scottsdale did not object to or otherwise contest, and . . . fail[ing] to apply the prompt payment provisions of Chapter 542 of the Texas Insurance Code, and the penalty provisions which are automatic, in the face of Scottsdale's

---

[2] On abatement, the trial court signed an order confirming that this summary-judgment order was a final judgment.

5

initial improper denial of coverage?

(quotations and citations omitted).

### III.   ANALYSIS

In a traditional motion for summary judgment, if the movant's motion and summary-judgment evidence facially establish its right to judgment as a matter of law, the burden shifts to the nonmovant to raise a genuine, material fact issue sufficient to defeat summary judgment. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000). In our de novo review of the trial court's granting of Scottsdale's motion for traditional summary judgment, we consider all the evidence in the light most favorable to Coreslab, crediting evidence favorable to Coreslab if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). When, as in this case, the order granting summary judgment does not specify the grounds upon which the trial court relied, we must affirm the summary judgment if any of the independent summary-judgment grounds is meritorious. *FM Props. Operating Co. v. City of Austin,* 22 S.W.3d 868, 872 (Tex. 2000).

### A. Did the trial court err in granting summary judgment on the ground that all of the defense costs the insured sought to recover had been paid by one of the two insurers?

In its first issue, Coreslab challenges the first ground that Scottsdale asserted in its summary-judgment motion. In this ground, Scottsdale asserted that, as a matter of law, Coreslab is not entitled to recover any damages in connection with attorney's fees or costs incurred in the Underlying Lawsuits or Coreslab's lawsuit against Scottsdale because the total amount Lexington and Scottsdale paid exceeds the sum

6

of Coreslab's defense costs in the Underlying Lawsuits and Coreslab's attorney's fees and costs in this suit against Scottsdale.

**Amount of Defense Costs in in the Underlying Lawsuits Paid by Each Insurer**

In its motion, Scottsdale relied upon Coreslab's expert testimony that, from the time Coreslab first sought a defense from Scottsdale through the settlement of the Underlying Lawsuits, Coreslab incurred a total of $882,909.92 in reasonable and necessary attorney's fees and expenses for Coreslab's defense in the Underlying Lawsuits. Coreslab agrees with this amount. In its motion, Scottsdale submitted summary-judgment evidence proving that Lexington paid a total of $825,642.32 to Coreslab's defense counsel for attorney's fees and expenses in Coreslab's defense in the Underlying Lawsuits. Coreslab did not controvert this evidence and it has not disputed that Lexington paid this total amount. In its motion, Scottsdale asserted that it had paid a total of $443,394.20 toward the attorney's fees and expenses for Coreslab's defense in the Underlying Lawsuits. Coreslab disputed this amount but agreed that Scottsdale had paid $409,509.53 toward Coreslab's defense costs in the Underlying Lawsuits. The summary-judgment evidence conclusively proves that Scottsdale paid at least $409,509.53 to either Coreslab's defense counsel in the Underlying Lawsuits or to Lexington. Coreslab and Scottsdale entered into a Rule 11 agreement in which they agreed that endorsing or negotiating any checks issued by Scottsdale to Coreslab or its insurers pertaining to the Memorial Hermann claim does not constitute a waiver of Coreslab's claims against Scottsdale in the trial court, but that Scottsdale "shall receive a credit against actual damages for any amounts so

7

paid."[3]

## Amount the Insured Seeks To Recover Against Scottsdale

The summary-judgment evidence conclusively proves that from the time Coreslab first sought a defense from Scottsdale through the settlement of the Underlying Lawsuits, Coreslab incurred a total of $882,909.92 in reasonable and necessary attorney's fees and expenses for Coreslab's defense in the Underlying Lawsuits and that the payments Lexington and Scottsdale have made exceed this sum. Coreslab does not dispute these facts, and Coreslab has agreed that Scottsdale is entitled to a credit against Coreslab's actual damages for the amounts Scottsdale paid to Lexington or to Coreslab's defense counsel. Nonetheless, Coreslab contends that Scottsdale was required to pay a total of $882,909.92 in defense costs under the Scottsdale policy and that, to date, Scottsdale has paid only $409,509.53. Excluding eighteen-percent interest under Insurance Code section 542.060, attorney's fees for bringing its claims against Scottsdale, and prejudgment interest, Coreslab seeks $882,909.92 in damages against Scottsdale with a $409,509.53 credit for payments Scottsdale already has made. Coreslab essentially asserts that it is entitled to recover $473,400.39 against Scottsdale based on defense costs that Scottsdale failed to pay under the Scottsdale policy, even though Coreslab has not paid any of the attorney's fees or expenses at issue and even though Lexington has paid $825,642.32 to Coreslab's defense counsel in the Underlying Lawsuits.

## The *Mid-Continent* Rule

In the context of the duty to indemnify, the Supreme Court of Texas has

---

[3] This Rule 11 agreement was in writing, signed by counsel for Coreslab and Scottsdale, and filed in the trial court below. *See* Tex. R. Civ. P. 11. This agreement is included in the summary-judgment evidence.

8

followed California law and agreed that "[W]here there are several policies of insurance on the same risk and the insured has recovered the full amount of its loss from one or more, but not all, of the insurance carriers, the insured has no further rights against the insurers who have not contributed to its recovery" and that "the liability of the remaining insurers *to the insured* ceases, even if they have done nothing to indemnify or defend the insured." *Mid-Continent Ins. Co. v. Liberty Mut. Ins. Co.*, 236 S.W.3d 765, 775 (Tex. 2007) (quoting *Fireman's Fund Ins. Co. v. Md., Cas. Co.*, 77 Cal. Rptr. 2d 296, 305 (Cal. Ct. App. 1998)). Thus, under Texas law, after an insured has recovered the full amount of its loss as a result of payments from two insurers under two different policies, the insured may not recover from one insurer under its policy based on the insurer's alleged failure to pay its appropriate share of the loss.[4] *See Mid-Continent Ins. Co.*, 236 S.W.3d at 775. Even presuming that Scottsdale should have paid more and that Lexington should have paid less, once the full amount of defense costs have been paid, Coreslab has no right to recover against Scottsdale based on Scottsdale's failure to pay more. *See id.* Though there might be a basis for Lexington to seek recovery against Scottsdale under these circumstances, Lexington is not a party in this case.

The *Mid-Continent* case involved an examination of an insured's contractual rights against an insurer in the context of an insurer's assertion of the insured's rights as subrogee in an indemnity context rather than in the context of payment of defense costs. *See id.* at 771–76. Nonetheless, the principles of Texas law the high court articulated in *Mid-Continent* support the trial court's granting of summary judgment. *See id.* The parties have not cited and research has not revealed any Texas case that

---

[4] The collateral-source rule does not apply in this contractual context. *See Mid-Century Ins. Co. of Tex. v. Kidd*, 997 S.W.2d 265, 274 (Tex. 1999).

9

is completely on point. But, courts in other states have concluded that, after all of the insured's defense costs have been paid, an insured may not recover any amount from an insurer based on failure to pay defense costs covered under the insurer's policy. *See Emerald Bay Cmty. Ass'n v. Golden Eagle Ins. Corp.*, 130 Cal. App. 4th 1078, 1088–89 (Cal. Ct. App. 2005); *Concord Hosp. v. New Hampshire Medical Malpractice Joint Underwriting Ass'n*, 694 A.2d 996, 998–99 (N.H. 1997); *McDonald v. Nat'l Grange Mut. Ins. Co.*, 342 N.Y.S.2d 478, 479 (N.Y. App. Div. 1973); *Sloan Constr. Co. v. Cent. Nat'l Ins. Co. of Omaha*, 236 S.E.2d 818, 819–21 (S.C. 1977); *Underwriters at Lloyds v. Denali Seafood, Inc.*, 729 F. Supp. 721, 725 (W.D. Wash. 1989), *aff'd* 927 F.2d 459, 464 (9th Cir. 1991).

Coreslab argues that it may recover from Scottsdale because, under Texas law, Coreslab was entitled to a "complete defense" from Scottsdale rather than a "pro rata" defense. Coreslab cites cases in which Texas courts of appeals state that an insurer has the duty to provide a full defense to its insured rather than a pro rata defense. *See Maryland Cas. Co. v. South Texas Medical Clinics, P.A.*, No. 13-06-089-CV, 2008 WL 98375, at \*7–8 (Tex. App.—Corpus Christi Jan. 10, 2008, pet. denied) (mem. op.); *Texas Prop. & Cas. Ins. Guar. Ass'n/Southwest Aggregates, Inc. v. Southwest Aggregates, Inc.*, 982 S.W.2d 600, 616 (Tex. App.—Austin 1998, no pet.). Coreslab also points to a number of eight-corners-rule cases, in which courts state, as part of the eight-corners rule, that if a petition in which a third party asserts claims against an insured potentially includes a covered claim, the insurer must defend the entire suit. *See, e.g., St. Paul Ins. Co. v. Texas Dept. of Transp.*, 999 S.W.2d 881, 884 (Tex. App.—Austin 1999, pet. denied) (stating that "[o]nce coverage has been found for any portion of a suit, an insurer must defend the entire suit"). Coreslab also cites cases in which the Supreme Court of Texas states that the insured is in the best position to identify the policy or policies that would maximize

coverage. *See Lennar Corp. v. Markel American Ins. Co.*, 413 S.W.3d 750, 758 (Tex. 2013); *Am. Physicians Ins. Exch. v. Garcia*, 876 S.W.2d 842, 855 (Tex. 1994). None of these cases are on point, and none of these courts hold that an insured may recover against an insurer for failure to pay defense costs after one or more of the insurers whose policies provide coverage pay all the defense costs. *See Lennar Corp.*, 413 S.W.3d at 758; *Am. Physicians Ins. Exch.*, 876 S.W.2d at 855; *Maryland Cas. Co.*, 2008 WL 98375, at *7–8; *Texas Prop. & Cas. Ins. Guar. Ass'n/Southwest Aggregates, Inc.*, 982 S.W.2d at 616.

Coreslab asserts that it made it clear to Scottsdale that Coreslab chose Scottsdale to provide a full defense to avoid a negative impact on Coreslab's "loss history," which, Coreslab asserts, impacts its insurance premiums. Coreslab did not submit any summary-judgment evidence about its "loss history." Nor did Coreslab proffer any summary-judgment evidence on the issue of whether Lexington's payment of some or all of Coreslab's defense costs under the Lexington policy would result in higher future insurance premiums than if Scottsdale had paid all of Coreslab's defense costs under the Scottsdale policy. Coreslab has not cited any cases in which a court has held that an insured's choice to seek a full defense on only one of two available policies allows the insured to recover defense costs against the chosen insurer after the other insurer pays some or all of the defense costs.

**No Recovery By Insured Against Insurer for Failure to Pay Defense Costs in the Underlying Lawsuits When Those Costs Were Paid By Another Insurer**

Coreslab suggests that, if it recovers a money judgment against Scottsdale in this case based on Scottsdale's failure to pay the entire amount of Coreslab's defense costs, Coreslab will forward the amounts recovered to Lexington "to protect Coreslab's loss history." A normal money judgment in favor of Coreslab and against Scottsdale would not require Coreslab to forward any such amounts to Lexington.

11

Even presuming that the trial court could craft a judgment that would make sure that Coreslab forwarded the amounts collected under the judgment to Lexington, we conclude that, under the circumstances of this case, Coreslab may not recover judgment against Scottsdale based on Scottsdale's failure to pay the full amount of Coreslab's defense costs in the Underlying Lawsuits. *See Mid-Continent Ins. Co.*, 236 S.W.3d at 775; *Emerald Bay Cmty. Ass'n*, 130 Cal. App. 4th at 1088–89; *Concord Hosp.*, 694 A.2d at 998–99; *McDonald*, 342 N.Y.S.2d at 479; *Sloan Constr. Co.*, 236 S.E.2d at 819–21; *Underwriters at Lloyds*, 729 F.Supp. at 725.

As a matter of law, Coreslab is not entitled to recover any damages based on Coreslab's defense costs in the Underlying Lawsuits because the total amount paid by Lexington and Scottsdale exceeds the sum of Coreslab's defense costs in the Underlying Lawsuits. *See Mid-Continent Ins. Co.*, 236 S.W.3d at 775; *Emerald Bay Cmty. Ass'n*, 130 Cal. App. 4th at 1088–89; *Concord Hosp.*, 694 A.2d at 998–99; *McDonald*, 342 N.Y.S.2d at 479; *Sloan Constr. Co.*, 236 S.E.2d at 819–21; *Underwriters at Lloyds*, 729 F.Supp. at 725. Therefore, we overrule Coreslab's first issue.

## B. May this court review the trial court's denial of the insured's cross-motion?

Under its second issue, Coreslab seeks rendition of judgment in its favor based on the trial court's alleged error in denying Coreslab's cross-motion for summary judgment, in which Coreslab sought judgment as a matter of law on its breach-of-contract and Insurance Code section 542.060 claims. In the cross-motion Coreslab did not seek a final judgment. *See Frontier Logistics, L.P. v. Nat'l Prop. Holdings, L.P.*, 417 S.W.3d 656, 664 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (noting that courts may review the denial of a cross-motion for summary judgment and render judgment on that motion only in certain circumstances, including when

the movant in the cross-motion sought a final judgment). For example, Coreslab did not request judgment as a matter of law on its statutory bad-faith claims under Chapter 541 of the Insurance Code. In addition, Coreslab did not seek summary judgment as to any declaratory-judgment claim. *See id*. (noting that courts may review the denial of a cross-motion for summary judgment and render judgment on that motion under an exception involving claims for declaratory relief). Scottsdale sought summary judgment as to all of Coreslab's claims, based on the three grounds stated above; but, in its cross-motion, Coreslab sought a money judgment based on evidence that Coreslab contends conclusively establishes its entitlement to judgment as a matter of law on its breach-of-contract and Insurance Code section 542.060 claim. Thus, in the cross-motion Coreslab did not seek summary judgment on the same issue Scottsdale addressed in its motion. *See id*. (concluding that courts may review the denial of a cross-motion for summary judgment and render judgment on that motion when the movant in the cross-motion sought summary judgment on the same issue that was addressed in the other motion). This case does not involve any of the circumstances under which this court may review the denial of Coreslab's cross-motion. *See id.* To the extent Coreslab argues under the second issue that the trial court erred in denying its cross-motion on an issue Scottsdale addressed in its motion, we overrule Coreslab's second issue.

**C. Has the insured challenged all of the insurer's summary-judgment grounds as to the insured's claim under Insurance Code section 542.060?**

The trial court granted summary judgment without specifying the grounds upon which it relied, so, on appeal, Coreslab must show that each independent summary-judgment ground asserted against its claims does not provide a basis for affirming the trial court's summary judgment. *See Ramco Oil & Gas Ltd. v. Anglo-Dutch (Tenge) L.L.C.,* 207 S.W.3d 801, 826 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). In the second ground of its summary-judgment motion, Scottsdale

13

asserted that, as a matter of law, Coreslab was not entitled to eighteen-percent interest as damages under Insurance Code section 542.060 because (1) Scottsdale always paid its share of the defense costs within sixty days of its receipt of each attorney's-fees invoice; and (2) Coreslab never paid any attorney's fees bill for the defense costs in the Underlying Lawsuits. We presume for the sake of argument that Scottsdale's entitlement to judgment under its first summary-judgment ground does not preclude Coreslab from asserting its claim under Insurance Code section 542.060 for eighteen-percent interest as damages based on the allegedly late payment of defense costs by Scottsdale. We therefore consider whether summary judgment on that claim was proper under Scottsdale's second ground.

On appeal, Coreslab asserts that it was entitled to judgment as a matter of law on its claim under Insurance Code section 542.060 and that the trial court erred in granting summary judgment. In its appellant's brief, Coreslab does not expressly challenge both parts of the second summary-judgment ground asserted against its section 542.060 claim or present argument as to why the trial court erred in granting summary judgment on these grounds. Even construing Coreslab's brief liberally, we cannot conclude that Coreslab briefed any argument attacking the independent part of this summary-judgment ground regarding Coreslab's failure to pay any attorney's-fees bill for the defense costs in the Underlying Lawsuits. Because Coreslab has not challenged this ground, it has not challenged all independent summary-judgment grounds upon which the trial court granted summary judgment as to its claim under Insurance Code section 542.060. *See Navarro v. Grant Thornton, LLP,* 316 S.W.3d 715, 719–20 (Tex. App.—Houston [14th Dist.] 2010, no pet.). Therefore, we affirm the trial court's summary judgment on this claim.[5]

---

[5] On appeal, Coreslab has not briefed any argument under which it would be entitled to recover its attorney's fees or costs incurred in this suit against Scottsdale without recovering against Scottsdale either actual damages or eighteen-percent interest as damages under Insurance Code

*See id.* To the extent Coreslab argues under the second issue that the trial court erred in granting summary judgment in favor of Scottsdale, we overrule Coreslab's second issue.[6]

## IV. CONCLUSION

As a matter of law, Coreslab is not entitled to recover any damages based on Coreslab's defense costs in the Underlying Lawsuits because the total amount paid by Lexington and Scottsdale exceeds the sum of Coreslab's defense costs in the Underlying Lawsuits. This court may not review the trial court's denial of Coreslab's cross-motion for summary judgment. Coreslab has not challenged all independent grounds upon which the trial court granted summary judgment as to Coreslab's claim under Insurance Code section 542.060. Because Coreslab has not shown that the trial court erred in granting summary judgment in favor of Scottsdale, we affirm the trial court's judgment.


/s/     Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Jamison and Busby.

---

section 542.060. Because we have concluded that Coreslab has not shown error in the trial court's take-nothing judgment as to Scottsdale's claims for damages, there is no basis upon which we may reverse the trial court's take-nothing judgment as to Coreslab's requests for attorney's fees and costs.

[6] We need not and do not address Scottsdale's argument that the trial court erred in rendering summary judgment in favor of Coreslab and ruling as a matter of law that Scottsdale had a duty to defend Coreslab in the Underlying Lawsuits.