## AMERICAN SURETY COMPANY v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

142 N. W. (2d) 304.

April 29, 1966—No. 39,971.

---

*Palmer, Hood, Crassweller & McCarthy,* for appellant.
*Hultstrand, Abate & Wivoda,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Action by American Surety Company, primary liability insurer of the driver of an automobile involved in an accident, against State Farm Mutual Automobile Insurance Company, excess liability insurer of such driver, to recover one-half of plaintiff's attorney's fees and expenses in defending an action against the driver for damages arising out of the accident.

Shortly after the original action was instituted, plaintiff notified defendant that the amount demanded exceeded the liability limits of plaintiff's policy, and accordingly that defendant might be liable for any excess recovery therein up to the limits of its policy. It suggested that defendant

employ counsel to represent it in defense of the action in that defendant would be liable for one-half of the attorney's fees and expenses incurred therein.

Under its policy defendant had agreed to defend actions against its insured arising out of automobile accidents such as that involved in the action described. Notwithstanding this, it chose not to participate in the defense of the action and plaintiff defended it alone. Plaintiff retained counsel and ultimately settled all claims against its insured for substantially less than the limitations of its policy. Defendant concedes that in such defense and settlement the attorney's fees and expenses incurred by plaintiff were reasonably worth $5,482.54. Based upon a stipulation of facts, the court made findings and conclusions which included the following:

"* * * [B]efore trial [of the liability action], said action and all claims and demands of the plaintiff [therein] were compromised and settled for the sum of $5,500.00 of which the plaintiff [in the present action] paid $3,000. * * *

* * * * *

"Under the terms of the respective policies * * * each insurer was obligated to defend the 'insured' in any action brought against him seeking to recover damages * * *.

"That the total amount of the fair and reasonable value of the services and expenses incurred and paid for by the plaintiff in defending said action was the sum of $5,882.54.

* * * * *

"That plaintiff having defended * * * said action and having paid all reasonable expenses incurred in connection therewith is entitled to be reimbursed by the defendant for one-half thereof."

On this appeal from an order denying its motion for amended findings or a new trial, defendant contends that there is no provision in its policy under which it became obligated to *plaintiff* to undertake to defend or join plaintiff in the defense of the action against the insured; that defendant's obligation to defend it extended only to its insured so that, while

breach of this obligation rendered it liable to the latter for damages resulting to him therefrom, since no such damages were established the court erred in holding it liable for one-half plaintiff's expenses therein.

■ It is clear that no contractual obligation rested upon defendant to comply with any demand of plaintiff that defendant defend the action against its insured. As far as its insured is concerned, there was an obligation to defend the action since the damages claimed therein were in excess of the coverage of plaintiff's policy. Had the recovery exceeded the limitations of plaintiff's policy, defendant then would become equally liable with plaintiff for the expenses incurred in defending it. See, Eicher v. Universal Underwriters, 250 Minn. 7, 83 N. W. (2d) 895. But where the recovery did not exceed such liability even though the complaint sought damages in excess of it, and where the insured was not damaged by defendant's refusal to defend in violation of its obligations under the policy, neither the insured nor plaintiff would have any recourse against defendant.

It may well be that defendant concluded from its investigation of the accident that the damages sustained therein did not exceed the limits of plaintiff's policy, and accordingly that it would be to defendant's financial advantage to avoid the expense involved in defending it. Or it may have decided that even if a judgment in excess of the limits of plaintiff's policy were recovered, it would prefer to pay such excess plus one-half of the expenses of defending the action rather than incur the separate financial burden involved in employing additional counsel to defend it. As indicated above, in taking the position it did, it violated no contractual obligation to plaintiff. Of course, if because of defendant's refusal to defend the action the insured had retained counsel to do so and had incurred expenses or been otherwise damaged because of defendant's breach of its obligation, then he would have had a personal action against defendant for such expenses or damages.

■ Plaintiff asserts, however, that under the subrogation provision of its policy it possessed all rights of its insured against defendant regardless of the absence of contractual provisions in its favor in defendant's policy. This subrogation provision is as follows:

"* * * In the event of any payment under this policy, the company shall be subrogated to all the insured's rights of recovery therefor against any person or organization and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured shall do nothing after loss to prejudice such rights."

To recover under this clause plaintiff would have to establish that its insured possessed a right of recovery against defendant either for attorney's fees or expenses incurred or other damages sustained by him because of defendant's breach of its obligations under the policy. Since he incurred no expenses or damages in this respect, and since the obligation for attorney's fees and expenses which plaintiff incurred was required under its own policy, it would follow that plaintiff acquired no rights against defendant under the subrogation clause referred to. As stated in Southern Surety Co. v. Tessum, 178 Minn. 495, 502, 228 N. W. 326, 329, 66 A. L. R. 1136, 1143:

"Subrogation is equity's method of compelling the ultimate payment by the one who in justice and good conscience ought to make it—of putting the charge where it justly belongs. * * * It is not an absolute right but depends upon the superiority of the equities of him who asserts it over those of the one against whom it is sought."

Based upon the foregoing considerations, the order from which this appeal is taken must be reversed and judgment entered for defendant.

Reversed and judgment ordered for defendant.