**U.S. BUILDERS, INC., Appellant,**

v.

**ATLANTIC LOUETTA, L.P.; R.L. Wade; Richard L. Wade; and Wade Construction Company, Appellees.**

No. 11–02–00035–CV.

Court of Appeals of Texas, Eastland.

Dec. 12, 2002.

David A. Carp, Herzog, Carp & McManus, Houston, for appellant.

Danny Scott, John Curney, Curney, Garcia, Wise & Farmer, San Antonio, for appellee.

Panel consists of ARNOT, C.J., and WRIGHT, J., and McCALL, J.

Opinion

TERRY McCALL, Justice.

Our former opinion and judgment dated December 5, 2002, are withdrawn, and our opinion and judgment dated December 12, 2002, are substituted therefor.

U.S. Builders, Inc. (USBI) asserts that the trial court did not enter a final judgment in this severed action.[1] On March 9, 2001, the trial court entered a judgment and order for deposit of funds (judgment). On August 24, 2001, the trial court entered an order granting defendant's motion for summary judgment (summary judgment order). On that same day, the trial court entered its severance order. Because the trial court's judgment and summary judgment order did not dispose of all of the parties and issues, there is no final judgment in this severed action. Therefore, we dismiss this appeal for want of jurisdiction.

*The Suit*

USBI and Atlantic Louetta, L.P. (Atlantic Louetta) entered into a construction contract. USBI, as the general contractor, agreed to construct a building and certain improvements, including a parking lot, for Atlantic Louetta, the owner of the property, for the contract price of $1,073,000.00. USBI filed this action against Atlantic Louetta, Wade Construction Company, R.L. Wade, Chicago Title Company, and Continental Casualty Company, alleging that, although it had substantially completed the work required under the contract, the defendants owed USBI $232,285.82, plus interest and attorney's fees. USBI asserted breach of con-

---

1. USBI filed this appeal out of an abundance of caution in the event that the trial court did, in fact, enter a final judgment.

tract claims against Atlantic Louetta and Wade Construction Company, the construction manager for the project. USBI alleged that R.L. Wade was the alter ego of Atlantic Louetta and was individually liable for the alleged damages. USBI sought to recover on a bond that Continental Casualty Company issued to secure payment by Atlantic Louetta. USBI also sought to recover funds that Chicago Title Company was holding in an escrow account relating to possible repairs to the parking lot. Atlantic Louetta filed a counterclaim alleging that USBI had breached the contract by failing to complete the work required under the contract; Atlantic Louetta sought to recover damages for USBI's alleged breach of contract. Chicago Title Company interpled the amount held in escrow, a total of $106,687.76, into the registry of the court.

### USBI's and Atlantic Louetta's Arbitration

USBI and Atlantic Louetta entered into a binding arbitration agreement and submitted the claims between them to arbitration. In the award of arbitration, the arbitrator concluded that "[t]he net result of this Award is that Atlantic Louetta, L.P. shall pay to U.S. Builders, Inc. the sum of $123,795.02." Atlantic Louetta filed a motion to enter judgment for it to pay USBI $123,795.02 based on the arbitrator's award. Atlantic Louetta asserted that the escrow funds in the registry of the court should be used as partial satisfaction of the judgment. USBI claimed that it was entitled to recover more than $123,795.02 under the arbitrator's award.

### The Judgment

On March 9, 2001, the trial court awarded judgment to USBI against Atlantic Louetta for $123,795.02 based on the arbitration award. The trial court found that

Atlantic Louetta had tendered this amount, including the deposited escrow funds, to the registry of the court. The trial court ordered that "all obligations incurred by Atlantic Louetta, L.P. with regard to the judgment which is the subject of this case shall be deemed to have concluded." The trial court further ordered that Chicago Title Company, the interpleader, "shall receive judgment in its favor with regard to the interpleader and shall be released from any further obligation regarding this matter." The trial court did not mention Wade Construction Company or R.L. Wade or address USBI's claims against them in the judgment. The trial court did not include a "Mother Hubbard" clause in the judgment or any other language demonstrating an intent to dispose of all of the parties and claims. See *Ritzell v. Espeche*, 87 S.W.3d 536, 537–38 (Tex.2002).

### The Subcontractors' Post–Arbitration Interventions

Shockley Electric Corporation and Frontier Materials, Inc., two subcontractors on the construction project, intervened in the suit. They alleged that USBI owed them money for work performed on the construction project. USBI answered the subcontractors' interventions and filed a cross-claim against Atlantic Louetta and Wade Construction Company for contribution and indemnity for the subcontractors' claims. In their answer to the cross-claim, Atlantic Louetta and Wade Construction Company asserted that USBI could not recover contribution and indemnity from them because USBI had litigated all potential claims against them in the arbitration proceeding. They alleged that, as a result of the arbitration proceeding, "all claims and requests for relief were resolved between Atlantic Louetta, Wade Construction Company and U.S. Builders, Inc." Atlantic Louetta and Wade Construc-

tion Company also filed a counterclaim against USBI for attorney's fees relating to the defense of USBI's contribution and indemnity claims.

### The Severance Order

Atlantic Louetta, Richard Wade, Wade Construction Company, and Chicago Title Company asserted that the arbitrator's award and the trial court's judgment confirming the award resolved all of the issues and claims between USBI and them. They requested that the trial court sever the arbitrated claims from the subcontractors' claims against USBI. The trial court granted the motion to sever and ordered:

> [T]hat the claims involving U.S. Builders, Inc. versus Atlantic Louetta, L.P., R.L. Wade, Richard L. Wade and Wade Construction Company, as well as the Interpleader filed by Chicago Title Company, are hereby severed from this cause and shall maintain cause number 99–37037–A.

### The Summary Judgment Order

Wade Construction Company moved for summary judgment on USBI's contribution and indemnity cross-claim for the subcontractors' claims. Wade Construction Company asserted that, because the arbitration resolved all of USBI's possible claims against it, the doctrine of res judicata barred USBI's contribution and indemnity claims. On August 24, 2001, the trial court entered its summary judgment order granting Wade Construction Company's motion for summary judgment.[2]

### Did the Trial Court Enter a Final Judgment?

■ In its first issue, USBI asserts that the trial court did not enter a final judgment in this cause. The issue is whether the trial court's judgment and later summary judgment order constitute a final judgment in the severed action. A final judgment is the judgment or order that disposes of all of the parties and issues in the suit, including any counterclaims and cross-claims. See *Houston Health Clubs, Inc. v. First Court of Appeals,* 722 S.W.2d 692, 693 (Tex.1986); *Baker v. Hansen,* 679 S.W.2d 480, 481 (Tex.1984); *Reimer v. Scott,* 666 S.W.2d 384, 385 (Tex.App.-Houston [14th Dist.] 1984, writ dism'd). In many cases, such as in this case, the trial court will enter a number of orders that address particular issues or parties. In such cases, the order disposing of the last remaining party or issue is the final order. The earlier orders merge into the last order, and the last

**2.** In its summary judgment order, the trial court found that:

> [T]he issues between Plaintiff and Atlantic Louetta, L.P., R.L. Wade, Richard L. Wade, Wade Construction and Chicago Title were the subject of arbitration, that an Arbitrator's Award has been issued and that such Award has been adopted as judgment of this court.

The trial court made this finding, even though Wade Construction Company is the only party that moved for summary judgment and even though USBI and Atlantic Louetta were the only parties to the arbitration. The trial court also found that USBI's "third-party claims versus these parties with regard to these interventions filed by Shockley Electric and Frontier Materials are barred by the doctrine of res judicata." Although the trial court referred to USBI's claims versus "these parties," USBI only alleged contribution and indemnity claims against Atlantic Louetta and Wade Construction Company. Because Atlantic Louetta did not move for summary judgment on USBI's contribution and indemnity claims, it would have been improper for the trial court to grant summary judgment to Atlantic Louetta. The trial court only granted summary judgment to Wade Construction Company. The trial court did not include language demonstrating an intent to dispose of all parties and claims. Therefore, this case is distinguishable from *Ritzell v. Espeche,* supra.

order is the final judgment for appeal purposes. See *Webb v. Jorns*, 488 S.W.2d 407, 408–09 (Tex.1972); *Fisher v. Yates*, 953 S.W.2d 370, 374–75 (Tex.App.-Texarkana 1997), *writ den'd*, 988 S.W.2d 730 (Tex. 1998). In *Lehmann v. Har–Con Corporation*, 39 S.W.3d 191, 205 (Tex.2001), the supreme court provided guidance for determining whether an order or judgment is final:

> [W]hen there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties. An order that adjudicates only the plaintiff's claims against the defendant does not adjudicate a counterclaim, cross-claim, or third party claim, nor does an order adjudicating claims like the latter dispose of the plaintiff's claims. An order that disposes of claims by only one of multiple plaintiffs or against one of multiple defendants does not adjudicate claims by or against other parties.

The trial court's judgment and summary judgment order did not dispose of all of the parties and issues. The trial court's judgment confirmed the arbitrator's award, but USBI and Atlantic Louetta were the only parties to the arbitration. The arbitrator's award identified them as the parties to the arbitration and addressed only the claims between them. The trial court's judgment confirming the arbitrator's award addressed the claims between USBI and Atlantic Louetta and the claims involving the interpleader, Chicago Title Company. The trial court's judgment did not address or dispose of USBI's breach of contract claim against Wade Construction Company or its alter ego claim against R.L. Wade.

The trial court's summary judgment order did not dispose of the remaining parties and issues. The summary judgment order did not dispose of USBI's breach of contract claim against Wade Construction Company or its alter ego claim against R.L. Wade. In its motion for summary judgment, Wade Construction Company only addressed USBI's cross-claim for contribution and indemnity for the subcontractors' claims. Wade Construction Company did not address USBI's breach of contract claim. The summary judgment order only disposed of USBI's contribution and indemnity claims against Wade Construction Company. Atlantic Louetta did not move for summary judgment on the contribution and indemnity claims. Additionally, the summary judgment order did not dispose of Atlantic Louetta's or Wade Construction Company's counterclaim against USBI for attorney's fees relating to the defense of the contribution and indemnity claims.

There is no final judgment in this action. Consequently, we have no jurisdiction to entertain this appeal.

*This Court's Ruling*

Because there is no final judgment in this action, we dismiss this appeal for want of jurisdiction.