# NO. 12-19-00326-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *WILLIAM D. WALLER, JR.,* **APPELLANT** | § | *APPEAL FROM THE 2ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *SUSAN WALLER, DOROTHY REID WALLER, AND WALLER MEDIA, LLC,* **APPELLEES** | § | *CHEROKEE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

William D. Waller, Jr. (Bill), acting pro se, appeals from an adverse summary judgment rendered in favor of Susan Waller, Dorothy Reid Waller, and Waller Media, LLC in Bill's suit to recover on a debt.  In two issues, Bill asserts the trial court erred in granting Appellees' motion for summary judgment and denying his motion for summary judgment.  We affirm.

## BACKGROUND

Dorothy Reid Waller, Bill's mother, owns Waller Media.  Susan is Bill's sister.  Until August 2016, Bill was an employee of Waller Media.  The parties had a falling out in the summer of 2016, leading to Bill's first lawsuit, filed in November 2016, one he describes as "predicated on acts of reputational harm . . . ."  He named Dorothy, Susan, and another sister, Alicia Tennison, as defendants in the first suit.  Two years later, while the first suit was still pending in the trial court, Bill filed his second lawsuit.  In it he alleged that defendants Dorothy, Susan, and Waller Media, Appellees herein, owe him money based on a sworn account, or a contract, or in quantum meruit.  Bill also alleged that Waller Media is the alter ego of Dorothy and Susan.  While the second suit was pending, the trial court rendered summary judgment against Bill in the first suit, on May 1, 2019.

In the second suit, Bill moved for summary judgment on his cause of action for suit on a sworn account. Appellees moved for summary judgment on all of Bill's causes of action based solely on the affirmative defense of res judicata. On June 4, 2019, the trial court granted Appellees' motion and ordered that Bill take nothing in the second suit. Bill appealed the judgment in each of his two suits separately. This court disposed of the appeal in the first suit by affirming in part and reversing and remanding in part. *See Waller v. Waller*, No. 12-19-00226-CV, 2020 WL 3026342 (Tex. App.—Tyler June 5, 2020, no pet. h.) (mem. op., not designated for publication). The case now before us is the appeal of Bill's second lawsuit.

## RES JUDICATA

In his first issue, Bill contends the trial court erred in granting Appellees' motion for summary judgment. He asserts that Appellees failed to establish the elements of their affirmative defense of res judicata.

### Standard of Review and Applicable Law

We review the trial court's decision to grant summary judgment de novo. *Tex. Mun. Power Agency v. Pub. Util. Comm'n*, 253 S.W.3d 184, 192 (Tex. 2007). The movant for traditional summary judgment has the burden of showing that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). When a defendant moves for summary judgment on an affirmative defense, it must prove all the essential elements of its defense as a matter of law. *Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 121 (Tex. 1996) (per curiam). Once the defendant establishes a right to summary judgment as a matter of law, the burden shifts to the plaintiff to present evidence raising a genuine issue of material fact, thereby precluding summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979). Review of a summary judgment requires that the evidence be viewed in the light most favorable to the nonmovant. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 551 (Tex. 2019). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001).

Res judicata precludes relitigation of claims that have been finally adjudicated, or that arise out of the same subject matter and that could have been litigated in the prior action. *Amstadt v.*

2

***U.S. Brass Corp.***, 919 S.W.2d 644, 652 (Tex. 1996). It requires proof of the following elements: 1) a prior final judgment on the merits by a court of competent jurisdiction; 2) identity of parties or those in privity with them; and 3) a second action based on the same claims as were raised or could have been raised in the first action. ***Id***.

## Identity of Parties

Because Susan and Dorothy, defendants in this suit, were also parties to the first suit, they have met the privity element of their res judicata defense. *See **id***. Waller Media, however, was not a party to the first suit. Therefore, we must ascertain whether it was in privity with the defendants in the first suit.

There is no general definition of privity that can be automatically applied in all res judicata cases. ***Getty Oil Co. v. Ins. Co. of N. Am.***, 845 S.W.2d 794, 800 (Tex. 1992). A nonparty can be in privity, or sufficiently close to a party in the prior suit as to justify issue preclusion, in at least three ways: 1) by controlling an action that resulted in a judgment even if it was not a party to it; 2) by having its interests represented by a party to the action; or 3) by acting as a successor in interest, deriving his claims through a party to the prior action. *See **Amstadt***, 919 S.W.2d at 653. Privity may exist if the parties share an identity of interests in the basic legal right that is the subject of the litigation. *See **id***.

Attached to Appellees' answer is Dorothy's verification in which she states she is authorized to verify the answer on behalf of Waller Media, LLC., indicating privity between Dorothy and Waller Media. In his petition, Bill asserts that Dorothy is president and sole owner of Waller Media, LLC. He also asserts that Susan was an employee of Waller Media, LLC, that she "took control" of Waller Media, and she is Dorothy's attorney-in-fact and agent under a durable general power of attorney. He alleges that Waller Media is the alter ego of Susan and Dorothy. This alleged alter ego relationship is sufficient to establish privity between Waller Media and the other two Appellees. *See **Flores v. Bodden***, 488 Fed. Appx. 770, 779 (5th Cir. 2012) (per curiam) (rejecting alter ego's argument that he was not in privity with corporation sued in prior, separate trial). Appellees met their burden to show privity of parties for purposes of their res judicata defense.

## Prior Final Judgment

To establish their affirmative defense of res judicata, Appellees had to prove a prior final judgment on the merits with respect to Bill's claims in his second lawsuit. *See **Amstadt***, 919

S.W.2d at 652. Here, at the time the trial court ruled on Appellees' motion for summary judgment in the second suit, there was a final judgment in the first suit. Ordinarily, when reviewing a summary judgment, we consider the record as it was at the time the trial court rendered judgment. *See Medlock v. Comm'n for Lawyer Discipline*, 24 S.W.3d 865, 871 (Tex. App.—Texarkana 2000, no pet.). However, because the first judgment did not survive appeal intact, we must consider the effect of the first case's posture post-appeal.

In reviewing Bill's first suit, this court determined that the trial court's judgment was erroneous in part. We reversed the judgment to the extent it disposed of Bill's causes of action for defamation and conspiracy against Susan and Alicia and remanded the cause to the trial court. *See Waller*, 2020 WL 3026342, at *16. A reversed judgment is ineffective. *Phillips v. Bramlett*, 407 S.W.3d 229, 238 (Tex. 2013). Thus, the portion of the trial court's judgment that we reversed is nullified, leaving the judgment as to that portion as if it had never been rendered. *See Flowers v. Flowers*, 589 S.W.2d 746, 748 (Tex. Civ. App.—Dallas 1979, no writ). Therefore, on the causes of action for defamation and conspiracy against Susan and Alicia, there is no judgment in effect, and the parties occupy the same position on these causes as they occupied before the trial court's judgment was rendered. *See Cessna Aircraft Co. v. Aircraft Network, LLC*, 345 S.W.3d 139, 145 (Tex. App.—Dallas 2011, no pet.). When an appellate court reverses the first judgment, the finality necessary for claim or issue preclusion is eliminated. *J.J. Gregory Gourmet Servs., Inc. v. Antone's Imp. Co.*, 927 S.W.2d 31, 34 (Tex. App.—Houston [1st Dist.] 1995, no writ).

We turn our inquiry to the portion of the first judgment that remains final. In the first suit, Bill did not sufficiently allege any cause of action against Dorothy thus, we affirmed the part of the judgment that ruled in Dorothy's favor. *Waller*, 2020 WL 3026342, at *16. The final judgment in favor of Dorothy in the first suit satisfies the first element of res judicata as to Dorothy in the second suit.

We affirmed the trial court's judgment as to Bill's intentional infliction of emotional distress cause of action because it merely duplicated his defamation claim, which is still viable. *Id*. at *14. The gravamen of the complaint is the same as the defamation claim; that is, the facts that formed the basis of the intentional infliction of emotional distress claim form Bill's defamation claim. There is not yet a final judgment on the merits of the defamation claim. Therefore, the portion of the first suit's judgment affirming the intentional infliction of emotional distress cause

4

of action cannot be used to satisfy the first prong of res judicata requirements because the cause of action was essentially mislabeled.

Additionally, we affirmed the trial court's judgment as to Bill's invasion of privacy cause of action because he failed to allege all the elements of that cause of action. *Id*. at 13. To determine if Appellees can rely on the affirmance of the judgment on this cause of action, we must first consider the same claim requirement of res judicata as it applies in this case.

**Same Claims**

To prove their affirmative defense of res judicata, Appellees also had to show that the second suit was based on the same claims as were raised or could have been raised in Bill's first suit. *See Amstadt*, 919 S.W.2d at 652. Under the transactional approach followed in Texas, we look to whether the subsequent claim or cause of action arises out of the same subject matter as the original suit. *See Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007). A final judgment on an action extinguishes the right to bring suit on the transaction, or series of connected transactions, out of which the action arose. *Id*. A determination of what constitutes the subject matter of a suit necessarily requires an examination of the factual basis of the claim or claims in the prior litigation. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 630 (Tex. 1992). It requires an analysis of the factual matters that make up the gist of the complaint, without regard to the form of action. *Id*. The determination is to be made pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a trial unit conforms to the parties' expectations or business understanding or usage. *Id*. at 631. The critical issue is whether the two actions under consideration are based on the same nucleus of operative facts, rather than the type of relief requested, substantive theories advanced, or types of rights asserted. *In re Paige*, 610 F.3d 865, 872 (5th Cir. 2010).

In the first suit, regarding his invasion of privacy complaint, Bill explained that he was the "IT Manager of Waller Media." He alleged that his workstation was in the engineering office at Waller Media. On August 1, 2016, he alleged, his employment was terminated, and Susan took control of Waller Media. He also alleged that Susan confiscated his computer, accessed the personal information stored on the computer, and disclosed that personal information to third parties.

In the second case, Bill asserted a cause of action for suit on a sworn account, and alternatively breach of contract or quantum meruit. His claims are based on 1) expenditures he made on behalf of Waller Media while employed there and 2) the value of personal belongings located in his office and used in his employment which he claims were confiscated by Susan.

In his second lawsuit, Bill's petition explains who owns Waller Media and who controls Waller Media. He also describes his roles and job duties at Waller Media as "Chief Engineer and IT Manager." He describes in detail how, due to Waller Media's cash-flow problem and as a normal business practice, he provided a means for the company to acquire goods, services, and merchandise necessary for continuity of operations of Waller Media. The petition also explains that, when "Susan took over Waller Media," she confiscated all of Bill's personal belongings including tools and his workstation. He described these items as "merchandise and goods supplied to Waller Media" that he used in his employment. He attached exhibits showing itemized lists of the charges for which he sought reimbursement and the personal property for which he sought compensation. He claimed that, as an employee of Waller Media, he personally paid for fuel, maintenance, supplies, parts, utilities, and repairs for company vehicles, generators, transmitter sites, the office building, and studios. These are all allegedly expenses incurred as part of his job.

We conclude that the invasion of privacy claim in the first suit arises out of the same subject matter as the claims in the second suit, that is, the business operations of Waller Media. *See Barr*, 837 S.W.2d at 631. The business expenses incurred by Bill on behalf of Waller Media in the course of his employment and Susan's actions, taken when she took control of Waller Media, that resulted in loss of property Bill used to perform his job at Waller Media, constitute a series of transactions. Relatedness of the two suits is illustrated by Susan's confiscation of Bill's computer which plays a major role in his complaints in both suits. The underlying acts of the invasion of privacy claim in the first suit, Susan's acts of taking control of Waller Media, terminating Bill, confiscating Bill's computer, and disclosing his private information, are integrally related to the complaints addressed in the second suit. Thus, the invasion of privacy claim asserted in the first suit and affirmed on appeal and the claims asserted in the second lawsuit have a common nucleus of operative facts. *See In re Paige*, 610 F.3d at 872; *see also Cont'l Casing Corp. v. Siderca Corp.*, 38 S.W.3d 782, 792-93 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (where judgment in first suit was reversed on written contract claims and affirmed on oral contract claims, res judicata applied to bar second suit's claims based on same facts as first suit's oral contract claims).

6

Therefore, because the cause of action in both suits arose out of the same subject matter, Appellees met the same claim requirement of res judicata. *See Amstadt*, 919 S.W.2d at 652.

Since we determined that the claims in the second lawsuit arise out of the same subject matter as the affirmed portion of the judgment in the first lawsuit, it follows that there is a prior final judgment with respect to Bill's claim in the second suit. Therefore, Appellees also met the final judgment requirement of their affirmative defense. *See id*. Because Appellees showed entitlement to judgment on the basis of the affirmative defense of res judicata, the trial court did not err in granting Appellees' motion for summary judgment. *See Hood*, 924 S.W.2d at 121. We overrule Bill's first issue.

## BILL'S MOTION FOR SUMMARY JUDGMENT

In his second issue, Bill contends the trial court erred in denying his motion for summary judgment. His motion addressed his suit on a sworn account. He argued that he established each element of his cause of action, and Appellees did not adequately deny the account as required by Rule of Civil Procedure 185. Bill asks this court to render judgment in his favor.

When both sides move for summary judgment and the trial court grants one motion but denies the other, ordinarily the appellate court should review both sides' proof and determine all questions presented by the motions. *Mid-Continent Cas. Co. v. Global Enercom Mgmt., Inc.*, 323 S.W.3d 151, 153-54 (Tex. 2010) (per curiam). The appellate court should then render the judgment the trial court should have rendered. *Id*. at 154. Courts may review the denial of a cross-motion for summary judgment if that cross-motion sought a final judgment in the trial court. *See Frontier Logistics, L.P. v. Nat'l Prop. Holdings, L.P.*, 417 S.W.3d 656, 664 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). However, the denial of a partial summary judgment will usually not be reviewable on appeal. *See In re D.W.G.*, 391 S.W.3d 154, 164 (Tex. App.—San Antonio 2012, no pet.). But, when the moving parties in both motions seek summary judgment on the same issue, the court of appeals may review a cross-motion that does not address all claims. *See Fed. Deposit Ins. Corp. v. Lenk*, 361 S.W.3d 602, 611 (Tex. 2012); *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005) (held that when both parties move for partial summary judgment on the same issues, reviewing court considers evidence presented by both sides, determines all questions presented, and if the reviewing court determines that the trial court erred, renders the judgment the trial court should have rendered).

Bill's motion did not address his requests for exemplary damages, attorney's fees, or a determination of his alter ego theory. Therefore, his motion did not seek a final judgment. *See Farm Bureau Cty. Mut. Ins. Co. v. Rogers*, 455 S.W.3d 161, 163 (Tex. 2015) (per curiam) (judgment that did not dispose of attorney's fees is not final); *In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 830 (Tex. 2005) (judgment that does not dispose of claim for exemplary damages is not final); *U.S. Builders, Inc. v. Atlantic Louetta, L.P.*, 95 S.W.3d 585, 589 (Tex. App.—Eastland 2002, no pet.) (summary judgment that did not dispose of all claims, including an alter ego claim, was not final).

Appellees' motion addressed all of Bill's claims, but not on the merits. Appellees established entitlement to judgment as a matter of law based on their affirmative defense of res judicata. In contrast, Bill's motion addressed the merits of his cause of action for suit on a sworn account. Therefore, Bill's motion sought a partial judgment, and the parties' competing motions did not seek summary judgment on the same issues. *See Star Elec., Inc. v. Northpark Office Tower, LP*, No. 01-17-00364-CV, 2019 WL 2094328, at \*23 (Tex. App.—Houston [1st Dist.] May 14, 2019, no pet.) (mem. op.) (although the court ultimately based its ruling on appellant's failure to preserve its complaint, the court noted that the competing motions were not on the same issue where appellee moved for summary judgment on an affirmative defense and appellant moved for summary judgment on the merits of its claims.); *Fairfield Indus., Inc. v. EP Energy E&P Co., L.P.*, 531 S.W.3d 234, 251 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (where defendant sought summary judgment on all of plaintiff's claims and plaintiff sought partial summary judgment on different issues, including judgment as to nine defenses asserted by defendant in its answer, appellate court could not reverse and render judgment as to plaintiff's motion.); *Coreslab Structures (Tex.), Inc. v. Scottsdale Ins. Co.*, 496 S.W.3d 884, 891 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (held that where defendant sought summary judgment on all of plaintiff's claims, asserting specific arguments that plaintiff is not entitled to its alleged damages, while plaintiff's partial cross-motion sought judgment based on evidence that it conclusively established its entitlement to judgment on two of its claims, the two motions did not seek judgment on the same issues). Accordingly, we overrule Bill's second issue.

### DISPOSITION

Having overruled both of Bill's issues, we ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered September 9, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 9, 2020**

## NO. 12-19-00326-CV

### WILLIAM D. WALLER, JR.,

Appellant

V.

### SUSAN WALLER, DOROTHY REID WALLER,
### AND WALLER MEDIA, LLC,

Appellees

Appeal from the 2nd District Court
of Cherokee County, Texas. (Tr.Ct.No. 2019-01-0048)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this Court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be in all things **affirmed,** and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

10