

# NUMBER 13-20-00140-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

RICARDO MALDONADO DAVILA,                                    Appellant,

v.

M & M TOWING AND RECOVERY, INC.,                          Appellee.

## On appeal from the County Court at Law No. 4
## of Hidalgo County, Texas.

## MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Tijerina
### Memorandum Opinion by Justice Benavides

Ricardo Maldonado Davila appeals from a final judgment in favor of M & M Towing and Recovery, Inc. (M & M Towing) on Davila's four applications for tow hearings under the Texas Towing and Booting Act (the Act). *See* TEX. OCC. CODE ANN. §§ 2308.451–.460. By a single issue, Davila contends that the judgment should be vacated because the tows at issue were not subject to the provisions of the Act. On cross-appeal, M & M

Towing submits that the trial court erred by failing to award it attorney's fees as the prevailing party. We affirm.

## I.   BACKGROUND

On October 24, 2018, Davila's uncle asked M & M Towing to remove four vehicles from a private residence in Edinburg, Texas. The property belonged to Davila's grandfather until he passed away approximately four months prior to the incident. Davila alleges that the vehicles belonged to him and that he had resided at the property for fifteen years. According to Davila, his uncle, who claimed to have inherited the property, was improperly trying to oust him.

It is undisputed that Davila was aware that M & M Towing removed the vehicles from the property on October 24, 2018. Davila alleges that he first attempted to file his applications for tow hearings in a Hidalgo County justice court on December 4, 2018, but that the clerk refused to accept the filings until June 13, 2019, based on her belief that the applications were not actionable under the Act. In the applications, Davila alleges that he is entitled to a hearing under the Act because he did not consent to the tows and M & M Towing lacked probable cause to remove the vehicles. *See* TEX. OCC. CODE ANN. § 2308.452.

On September 27, 2019, the justice court rendered a judgment in favor of M & M Towing, dismissing the applications with prejudice. The court concluded, consistent with an argument made by M & M Towing, that it "has no jurisdiction to hear the applications for tow hearings" because Davila failed to comply with the fourteen-day deadline to

request a hearing under the Act.[1] *See id.* § 2308.456. Pursuant to the Act, Davila appealed the judgment to a Hidalgo County court at law for a trial de novo. *See id.* § 2308.459.

On November 5, 2019, Davila filed an amended pleading in the county court, reiterating that he was entitled to a hearing under the Act because the vehicles were towed without his consent, and M & M Towing lacked probable cause to remove the vehicles. *See id.* § 2308.452. In a subsequent trial memorandum, Davila maintained that he was entitled to relief under the Act but argued for the first time that the tows were not "authorized" by the Act because they were neither "consent" nor "nonconsent" tows as those terms are defined by the Act.

After a bench trial, the county court rendered a judgment for M & M Towing. The judgment contains various findings of fact and conclusions of law, and no separate findings or conclusions were made by the court. Ultimately, the court concluded that (1) Davila waived his right to contest the tows by filing untimely applications in the justice court, and (2) regardless, M & M Towing had probable cause to remove the vehicles without Davila's consent. This appeal ensued.

## II.    THE ACT

By his sole issue, Davila argues that the tows were "not subject to" a tow hearing under the Act, and therefore, we should vacate the judgment.[2] We review questions of

---

[1] An owner's failure to request a hearing within the fourteen-day deadline is not, as the justice court concluded, a jurisdictional bar. *See Mandersheid v. LAZ Parking of Tex., LLC*, 506 S.W.3d 521, 526 (Tex. App.—Houston [1st Dist.] 2016, pet. denied).

[2] Davila elected not to provide a reporter's record. *See* TEX. R. APP. P. 34.1 ("The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record."). Although there was a bench trial, he contends that all facts necessary to our resolution of this appeal are undisputed.

law, including statutory construction, de novo. *City of Port Isabel v. Pinnell*, 207 S.W.3d 394, 402 (Tex. App.—Corpus Christi–Edinburg 2006, no pet.) (citing *Tex. Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002)).

First, we note the dichotomy between Davila's position on appeal and his position in the justice and county courts. He claims here, as he eventually did in the county court, that the tows fall outside the scope of the Act. Yet, he initiated these proceedings under the Act, and he always maintained below, even in the county court, that he was entitled to affirmative relief under the Act. Both cannot be true. Generally, if a statute does not apply to the subject matter of a dispute, then a person will not be entitled to relief under the statute.

Also, an appellant cannot take a position on appeal that is inconsistent with the position it took in the trial court. *W & F Transp., Inc. v. Wilhelm*, 208 S.W.3d 32, 45 n.11 (Tex. App.—Houston [14th Dist.] 2006, no pet.); *Rylander v. Bandag Licensing Corp.*, 18 S.W.3d 296, 302 (Tex. App.—Austin 2001 pet. denied); *see also Garrigues v. Hardie*, No. 13-18-00418-CV, 2020 WL 4812636, at *6 (Tex. App.—Corpus Christi–Edinburg Aug. 13, 2020, no pet.) (mem. op.) ("The homeowners affirmatively took the position in the trial court that Chapter 213 applied to the country club party. They cannot now urge the opposite position on appeal."). Having repeatedly invoked the Act in the justice and county courts, it is at least somewhat inconsistent for Davila to ask us to vacate the judgment because the Act never applied in the first instance.

Regardless, Davila's argument has no merit. He contends that the tows were neither a "consent tow" nor a "nonconsent tow" as those terms are defined by the Act,

4

and as such, they necessarily constituted an undefined third type of tow that is not regulated by the Act. But the Act is clear—a tow is either a consent tow or a nonconsent tow; there is no "other" kind of tow.

The Act provides a comprehensive regulatory scheme for towing and differentiates between consent and nonconsent tows. *See* TEX. OCC. CODE ANN. §§ 2308.001–.505. A "consent tow" is "any tow of a motor vehicle in which the tow truck is summoned by the owner or operator of the vehicle or by a person who has possession, custody, or control of the vehicle. The term does not include an incident management tow or a private property tow." *Id.* § 2308.002(3). Conversely, a "nonconsent tow" is "any tow of a motor vehicle that is not a consent tow, including: (A) an incident management tow; and (B) a private property tow." *Id.* § 2308.002(6). The Act defines an "incident management tow" as "any tow of a vehicle in which the tow truck is summoned to the scene of a traffic accident or to an incident, including the removal of a vehicle, commercial cargo, and commercial debris from an accident or incident scene." *Id.* § 2308.002(5-a). A "private property tow" is "any tow of a vehicle authorized by a parking facility owner without the consent of the owner or operator of the vehicle." *Id.* § 2308.002(8-b).

A vehicle owner may judicially contest the validity of a nonconsent tow under the Act. See *id.* § 2308.452. In particular, "the owner or operator of a vehicle that has been removed and placed in a vehicle storage facility or booted without the consent of the owner or operator of the vehicle is entitled to a hearing on whether probable cause existed for the removal and placement or booting." *Id.* If probable cause did exist, then the person who requested the hearing is required to pay the costs of the removal and storage. *Id.*

5

§ 2308.451(a). If probable cause did not exist, then the entity that authorized the tow, including a towing company, is responsible for those costs. *Id.* § 2308.451(b).

It is undisputed that Davila did not consent to the tows; therefore, we agree with him that the tows were not "consent tows" under the Act. *See id.* § 2308.002(3). But, contrary to Davila's argument that the tows fall under some undefined third category, their exclusion from "consent tows" necessarily means they were "nonconsent tows" under the plain language of the Act. *See id.* § 2308.002(6) After all, a "nonconsent tow" is "*any* tow of a motor vehicle that is not a consent tow." *See id.* § 2308.002(6) (emphasis added).

Nonetheless, Davila argues that the tows cannot be nonconsent tows because they do not meet the definitions of an "incident management tow" or a "private property tow." *See id.* § 2308.002(5-a), (8-b). We agree that the tows at issue were neither an "incident management tow" nor a "private property tow" as those terms are defined under the Act because the tows were not incident to an accident, and the vehicles were not removed from a parking facility. *See id.* However, those are merely two types of nonconsent tows under the Act. *See id.* § 2308.002(6). The Legislature made it clear that these two types of nonconsent tows are "included" within the definition, but their inclusion in no way limits the scope of what constitutes a nonconsent tow. *See id.* Rather, they are two parts of a larger whole, and that whole is comprised of "any" tow that does not meet the definition of a consent tow. *See id.*; *see also* MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/include (last visited on August 9, 2021) (defining "include" as "to take in or comprise as part of a whole or group.").

Thus, as a person whose vehicles were towed without his consent, Davila was

entitled under the plain language of the Act to apply—just as he did in the justice court—for a tow hearing. *See* TEX. OCC. CODE ANN. § 2308.452; *see also Badaiki v. Miller*, No. 14-17-00450-CV, 2019 WL 922289, at *3 (Tex. App.—Houston [14th Dist.] Feb. 26, 2019, no pet.) (mem. op.). After he appealed the justice court's decision to the county court in accordance with the Act, the county court acted within its statutory authority to adjudicate the parties' rights under the Act, including whether M & M Towing had probable cause to remove the vehicles without Davila's consent. *See* TEX. OCC. CODE ANN. §§ 2308.458(c)(1), .459. We overrule Davila's sole issue.

### III. ATTORNEY'S FEES

On cross-appeal, M & M Towing contends that as the prevailing party, it was entitled to a mandatory award of attorney's fees under the Act, and therefore, the county court abused its discretion by not awarding M & M Towing the attorney's fees it incurred through trial.[3] We conclude this challenge was waived when M & M Towing did not file a notice of appeal.

Texas Rule of Appellate Procedure 25.1(c) provides that a "party who seeks to alter the trial court's judgment . . . must file a notice of appeal." TEX. R. APP. P. 25.1(c). Consequently, an appellee cannot seek to alter the trial court's judgment in a way that would award it additional relief without first filing a notice of appeal. *Lubbock County, Tex. v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 584 (Tex. 2002); *Thomas v. Miller*, 500 S.W.3d 601, 611 (Tex. App.—Texarkana 2016, no pet.); *Frontier Logistics, L.P. v. Nat'l Prop. Holdings, L.P.*, 417 S.W.3d 656, 666 (Tex. App.—Houston [14th Dist.] 2013,

---

[3] The county court did, however, award M & M Towing conditional attorney's fees in the event Davila pursues an unsuccessful appeal.

pet. denied). Because M & M Towing did not file a notice of appeal, we are precluded from considering this cross-issue. *See* TEX. R. APP. P. 25.1(c); *Lubbock County*, 80 S.W.3d at 584; *Thomas*, 500 S.W.3d at 611; *Frontier Logistics*, 417 S.W.3d at 666. We overrule M & M Towing's cross-issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

GINA M. BENAVIDES
Justice

Delivered and filed on the
26th day of August, 2021.

8